# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
MARGARET SCHELLHAAS, * No. 22-1819V
*
*
Petitioner, *
* Special Master Christian J. Moran
v. *
* Filed: August 26, 2026
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner;
Dorian Hurley, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Petitioner, Margaret Schellhaas, alleged that she suffered from Guillain-Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine on November 2, 2020. Pet., filed Dec. 13, 2022. She further alleged that the onset of her GBS was November 3, 2020. Id. On August 19, 2026, Ms. Schellhaas filed a motion to dismiss her petition.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I. Procedural History[2]

Ms. Schellhaas filed her petition on December 13, 2022, alleging that the flu vaccine she received on November 2, 2020, caused her to suffer from GBS. She alleged an onset of November 3, 2020. Ms. Schellhaas filed several medical records with her petition, and after submitting additional records, filed a statement of completion on May 9, 2023.

While the case was still in the Special Processing Unit ("SPU"), the Secretary filed his Rule 4(c) Report, recommending that compensation be denied. The Secretary disputed Ms. Schellhaas's GBS diagnosis, noting several instances in the record of competing and evolving diagnoses. Resp't's Rep., filed June 5, 2023, at 18-19. The Secretary further argued that Ms. Schellhaas had not met her burden under any of the Althen prongs. Id. at 19-20. Finally, the Secretary pointed to an upper respiratory infection ("URI") Ms. Schellhaas suffered two weeks prior to the onset of her injury as a potential alternative cause. Id. at 20-21.

Given that the onset of Ms. Schellhaas's GBS was only one day post-vaccination and that her URI was a potential alternative cause, Ms. Schellhaas was ordered to show cause as to why her claim should not be dismissed. Order, issued Dec, 18, 2023. Ms. Schellhaas responded with an affidavit, averring that she had a cough and cold the week of October 13, 2020 and lingering symptoms around October 25, 2020. Exhibit 23. Ms. Schellhaas further averred that, when she was hospitalized in November, her doctors told her "they felt the URI and vaccine had combined to cause [her] GBS." Ms. Schellhaas also submitted a status report stating that she believed she could "establish a viable causation-in-fact claim" and requested the opportunity to file an expert report. Pet'r's Status Rep., filed Feb. 29, 2024.

The case was transferred out of SPU. Order, issued April 2, 2025. Ms. Schellhaas was reminded that the one-day onset remained her "Achilles' heel," and that "very few Program cases have succeeded in defending such a short onset." Id.

After the case was transferred to the undersigned, Ms. Schellhaas was advised to review other Program cases in which the undersigned and other special masters found that petitioners did not meet their burden of establishing that a vaccine can cause neurologic injuries within one day of vaccination. Order, issued

---

[2] A more detailed history can be found in the Order to Show Cause, issued Feb. 6, 2026.

April 17, 2025. Ms. Schellhaas maintained that her case was distinct from previous cases, and requested the opportunity to file an expert report. See Order, issued May 8, 2025.

Ms. Schellhaas filed a report from a neurologist, Dr. Hixson, on September 12, 2025. Exhibit 24. Dr. Hixson opined that Ms. Schellhaas had "an atypical variant of GBS," and invoked the theory of molecular mimicry to explain how a vaccine could cause GBS. Id. at 7. He acknowledged her URI, but stated that "this does not diminish the importance of the cause-and-effect sequence in relationship to the seasonal influenza vaccine," and highlighted that "an alternative diagnostic cause was never determined or agreed upon by her physicians." Id.

Ms. Schellhaas also filed a report from a neuroimmunologist, Dr. Orr. Exhibit 38. Dr. Orr characterized the October 2020 URI as a likely "silent immunologic primer," but noted that the illness "resolved without complications or neurological symptoms and remained temporally remote from the onset of her deficits." Id. at 20. Dr. Orr employed a "two-hit hypothesis." The first hit was the URI two weeks prior, which triggered an innate immune activation and left a "sensitized immune landscape." The second hit was the vaccine, resulting in her GBS symptoms within 24 hours. Id. at 26. Dr. Orr cited molecular mimicry as the "immunologic ignition," and bystander activation, epitope spreading, and loss of tolerance as "amplifying mechanisms." Id. at 29-30. Dr. Orr also opined that the timing of Ms. Schellhaas's symptoms was appropriate to infer vaccine causation, especially as she had been recently primed, received a high dose vaccine, and was in "an age group known to experience immunosenescence." Id. at 45-46.

In response, the Secretary filed reports from a neurologist, Dr. Roos, and an immunologist, Dr. Hawse, on November 12, 2025. Exhibits A and C. Dr. Roos disputed the diagnosis of GBS, noting that Ms. Schellhaas did not meet the features required for diagnosis. Exhibit A at 6. Dr. Roos stated that it would be "unreasonable" to accept that petitioner "had an atypical presentation of a variant of [GBS] with an unusually rapid onset post vaccination," and that even if this was GBS, the URI was the more likely immunological trigger. Id. at 10.

Throughout his report, Dr. Hawse noted instances in which the literature cited by Dr. Orr did not appear to support her claim; the evidence was not reliable; or the relevance to petitioner's case was unclear. Dr. Hawse also noted that Dr. Orr had "not identified a component of the influenza vaccine that serves as a molecular mimic that would cause GBS." Exhibit C at 9-11. Regarding timing, Dr. Hawse stated that 24 hours would be too fast for Dr. Orr's proposed

immunological mechanisms, whereas her URI would fit into a more probable timeframe to trigger her symptoms. Exhibit C at 18.

An order to show cause issued on February 6, 2026. The order explained:

> Although Ms. Schellhaas's experts have presented their theories as to how molecular mimicry can induce GBS within one day of a vaccination, the Secretary's experts raise several strong points regarding theory and timing. In addition, the Secretary's experts have called petitioner's diagnosis of GBS into question. See also Resp't's Rep., filed June 5, 2023, at 18-19. In noting several inconsistencies and weaknesses in petitioner's experts' reports, respondent's experts are more persuasive.
>
> In short, Ms. Schellhaas has not carried her burden of presenting a persuasive case that the flu vaccine caused her harm. Beginning with the respondent's June 5, 2023 Rule 4(c) Report, petitioner has been aware of the topics on which an expert needed to opine. The subsequent December 18, 2023 Order to Show Cause and April 2, 2025 order transferring the case out of SPU reiterated the need to explain the one-day onset. This point was again repeated in the April 17, 2025 order and the May 8, 2025 status conference and order. However, petitioner has not cured this problem. Additionally, petitioner has not established that GBS is a proper diagnosis.

Order, issued Feb. 6, 2026 at 4. Ms. Schellhaas was ordered to respond by April 10, 2026. Ms. Schellhaas was also advised that continued litigation may not be reasonable. Id. at 4-5.

In response to the order to show cause, Ms. Schellhaas filed a 17-page document providing an overview of the evidence and other Program cases, and arguing that she had met the evidentiary threshold to proceed. Pet'r's Response, filed April 10, 2026.

On July 7, 2026, the undersigned submitted five articles into the record. Court Exhibits 1001 – 1005. The order accompanying the articles reiterated that the evidence shows that the immunologic process takes more than three days. Ms. Schellhaas was given the opportunity to have her experts respond to the articles or to move to dismiss her case by August 21, 2026. Ms. Schellhaas filed a motion to dismiss on August 19, 2026. The case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Schelhaas filed medical records and expert reports in support of her claim. Nevertheless, Ms. Schelhaas wishes to have her claim dismissed and judgment entered against her. Given Ms. Schelhaas's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

> (1) a medical theory causally connecting the vaccination and the injury;
> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
> (3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Molecular mimicry is a theory that posits the immune system going through multiple steps leading to an attack on host tissues. This process takes multiple days. Contreras v. Sec'y of Health & Human Servs., No. 05-626V, 2012 WL 1441315, at *9-24 (Fed. Cl. Spec. Mstr. April 5, 2012) (lengthy discussion of the time for molecular mimicry), mot. for rev. denied in relevant part after intervening proceedings, 121 Fed. Cl. 230, 246-47 (2015), vacated on other grounds and remanded, 844 F.3d 1363 (Fed. Cir. 2017); Forrest v. Sec'y of Health & Human

Servs., No. 14-1046V, 2019 WL 925495, at *3-8 (Fed. Cl. Spec. Mstr. Jan. 28, 2019).

As explained in the February 6, 2026 order to show cause and the July 7, 2026 order, Ms. Schellhaas's experts do not persuasively explain how a vaccine can cause neurologic injuries with an onset within one day of the vaccination. Special masters have previously found that this timing is too short. See, e.g., Walker v. Sec'y of Health & Hum. Servs., No. 18-299V, 2022 WL 11141194, at *6-8 (Fed. Cl. Spec. Mstr. Sep. 27, 2022); Contreras v. Sec'y of Health & Hum. Servs., No. 05-626V, 2012 WL 1441315, at *9-24 (Fed. Cl. Spec. Mstr. April 5, 2012) (lengthy discussion of the time for molecular mimicry), mot. for rev. denied in relevant part after intervening proceedings, 121 Fed. Cl. 230, 246-47 (2015), vacated on other grounds and remanded, 844 F.3d 1363 (Fed. Cir. 2017); O.M.V. v. Sec'y of Health & Hum. Servs., No. 16-1505V, 2021 WL 3183719, at *47 (Fed. Cl. Spec. Mstr. June 16, 2021) (finding that an innate immune response cannot cause a demyelinating condition in 24 hours), mot. for rev. denied on unrelated ground, 157 Fed. Cl. 376 (2021); Parker v. Sec'y of Health & Hum. Servs., No. 14-979V, 2019 WL 3425297 at *28-29 (Fed. Cl. Spec. Mstr. June 24, 2019) (finding 24 hours is an insufficient time for molecular mimicry); see also Martinez v. Sec'y of Health & Hum. Servs., 165 Fed. Cl. 76 (20023) (denying motion for review and stating that special master was not arbitrary in finding onset was approximately 24 hours after vaccination, and, therefore, too short). Ms. Schellhaas has not met her burden under Althen.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master